# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ANNA M. SHAUT,

            Plaintiff,

 v.

                     6:15-CV-641

MEDICAL LIABILITY MUTUAL       (GTS/ATB)
INSURANCE CO.,

            Defendant.

ANNA M. SHAUT
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Anna M. Shaut. (Dkt. Nos. 1, 2).

**I. IFP Application**

  A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). This court agrees and finds that plaintiff is financially eligible for IFP status.

  In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff has sued Medical Liability Mutual Insurance Company ("MLMIC") and two of its claims representatives: Tammy Hines and Rayanne Consol. (Complaint

("Compl.") (Dkt. No. 1). Plaintiff alleges that defendants Hines and Consol were assigned to plaintiff's mother's "case," and reviewed claims that plaintiff's mother made against St. Elizabeth's Medical Center and Faxton St. Luke's Hospital. (Compl. ¶ 4). Plaintiff claims that her mother was a patient in the "hospital(s)"[1] prior to her death and "received bed sores . . . because the hospital(s) [sic] personnel did not take precautions for my mother to be turned and also did not provide adequate nursing services." (Compl. at CM/ECF p.5).[2] Plaintiff states that both of the hospitals received "citation and deficiencies" from the New York State Department of Health ("DOH") and IPRO.[3]

Plaintiff states that she spoke to hospital representatives prior to filing complaints with NYSDOH and IPRO and was told that they were going to "make monetary settlement," but the attorney for the hospital did not return plaintiff's telephone call. (*Id.*) Plaintiff states that one year after the facilities received notice of their "deficiencies," the hospitals submitted "plans of correction" to the DOH. Plaintiff states that she called "the insurance company that represented the hospitals," and she

---

[1] The court notes that the hospital website indicates that Faxton St. Luke's Healthcare (FSLH) and St. Elizabeth's Medical Center ("SWMC") were affiliated as the Mohawk Valley Health System ("MVHS") in 2014, and MVHS is governed by a single board of directors. www.stemc.org/about-us. Thus, the court may refer to the "hospital" or "hospitals" as representative of both entities and MVHS. Plaintiff has done so interchangeably.

[2] Plaintiff has used a form-civil rights complaint, but has added unnumbered pages and exhibits to the form. This court will refer to the pages of the complaint as assigned by the courts electronic filing system: CM/ECF, unless otherwise specifically indicated.

[3] IPRO appears to be a national organization providing health care assessment and improvement services. www.ipro.org. IPRO has contracts with federal, state, and local government agencies as well as private sector clients. *Id.*

3

was told that the company needed to review the cases. (Compl. at 5). After ten months, plaintiff was told that MLMIC would not be making a "voluntary payment" to the family for personal injuries to her mother. Plaintiff states that she requested and received the DOH investigation file through the Freedom of Information Law ("FOIL"). (*Id.*)

Plaintiff alleges that she called Mr. Norman Siegel, "the Chairperson of the facilities," and he told plaintiff that he would check to see if "they" would pay for damages. Mr. Siegel subsequently called plaintiff and told her that "it was too late," and that "this" was already submitted to the insurance carrier. He suggested that plaintiff call an attorney. However, plaintiff states that due to financial reasons, she chose not to hire an attorney. Plaintiff seeks "compensation" for her mother's injuries. Plaintiff lists the following causes of action: (1) Patient Neglect/Abuse; (2) Personal Injury; and (3) Emotional Distress. (Compl. ¶ 5 at 4).

Plaintiff has attached seven letters and what appears to be a portion of an IPRO investigation of plaintiff's claims about her mother's injuries. (Compl. at 6-13). In a letter to plaintiff from the DOH, dated April 23, 2014, Program Director Roberta Gancarz states that the DOH evaluated plaintiff's concerns about her mother's pressure sores and determined that FSLH was in violation of the State Hospital Code in the area of nursing services relative to the documentation of nursing care for the prevention of pressure ulcers. (Compl. at CM/ECF p.7). A "Statement of Deficiencies" was issued to the facility, and the facility would be providing a "Plan of Correction" to the DOH and would be implementing corrective measures to address the violations. Ms. Gancarz

expressed her condolences for plaintiff's mother's death and thanked plaintiff for "sharing her concerns" with the DOH. (*Id.*) An identical letter from Ms. Gancarz to plaintiff is dated May 13, 2014. (Compl. at 8).

On May 1, 2014, Marianne Baker, the Director of Regulatory Affairs for FSLH, wrote to plaintiff in response to plaintiff's telephone call to FSLH Administration "regarding compensation as a result of the complaint [plaintiff] filed in October 2012." (Compl. at CM/ECF p.9). Plaintiff was told to submit her request for compensation to Elizabeth Schultz, in the Legal & Compliance Department. Plaintiff was also told that her request would be "promptly forwarded" to FSLH's liability insurance carrier, MLMIC, and that an MLMIC representative would be contacting plaintiff to discuss her claim and "manage the claim process" with her. (*Id.*)

On May 20, 2014, MLMIC confirmed receipt of plaintiff's letter. (Compl. CM/ECF p.10). Plaintiff was told that defendant Consol was assigned to investigate the matter, and that plaintiff should provide MLMIC with HIPAA authorizations for the release of plaintiff's mother's medical records. (*Id.*) On March 20, 2015, defendant Hines wrote to plaintiff from MLMIC and informed her that the company had completed the investigation, plaintiff's claim was denied, and that MLMIC would not be "making a voluntary payment." (Compl. CM/ECF p.11). The letter warned plaintiff that there was a "Statute of Limitations," affecting her rights to commence a legal action "in these types of matters." Ms. Hines told plaintiff she may wish to consult an attorney, but that MLMIC's position would not change even if plaintiff decided to pursue litigation. (*Id.*)

5

Finally, the portion of the IPRO investigation attached to the complaint is dated May 10, 2013, and indicates that although the hospital was found deficient in its treatment of the pressure sores, plaintiff's concern that her mother was inappropriately discharged appears to have been denied. The IPRO Peer Reviewer determined that the care provided "did meet the Professionally Recognized Standard of Care." (Compl. CM/ECF p.13).

## III. <u>Jurisdiction</u>

### A. **General Legal Standards**

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Thus, the court will consider possible bases for plaintiff's assertion of jurisdiction.

### B. Civil Rights Claims

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331.  Plaintiff filed this complaint on a form reserved for civil rights actions under 42 U.S.C. § 1983.  To state a claim under section 1983, the plaintiff must allege both that the defendants have violated plaintiff's rights under either the Constitution or laws of the United States and that the defendants acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).  The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y.  Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).  Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam).  The

nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

### 1. Application

Although plaintiff has filed this action on a form-complaint used for section 1983 civil rights complaints, she is suing two private individuals and a private insurance company for refusing to pay her claim, based upon her mother's medical care. None of these defendants act under color of state law, and none of the defendants are alleged to have conspired with any person or any entity acting under color of state law. The causes of action listed by plaintiff (negligence; personal injury; and emotional distress) are all state tort law claims.[4] Thus, there is no basis for jurisdiction under section 1983.

### C. Other Potential State Law Claims

Another basis for federal jurisdiction is diversity of citizenship. 28 U.S.C. § 1332 (a)(1). However, in order to bring an action based upon diversity of citizenship, all adverse parties must be completely diverse in their citizenship. *Ensign Yachts, Inc. v. Arrigoni*, No. 3:09-CV-209, 2010 WL 918107, at *7 (D. Conn. Mar. 11, 2010) (citing *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001)). In addition, for diversity jurisdiction to exist, the amount in controversy must be in excess

---

[4] Insurance policies are "creatures of contract" and subject to principles of contract interpretation. *Lantheus Medical Imaging, Inc. v. Zurich American, Ins. Co.*, No. 10 Civ. 9371, 2015 WL 1914319, at *7 (S.D.N.Y. Apr. 28, 2015) (citations omitted). To the extent that the court interprets plaintiff's action as a contract claim, insurance contracts are, with some exceptions that are not relevant to this case, governed by state law. *Porco v. Lexington Ins. Co.*, 679 F. Supp. 2d 432, 435 (S.D.N.Y. 2009). Thus, without an independent basis for federal jurisdiction, actions based on insurance contracts do not provide for federal jurisdiction. *See e.g. Porco, supra.* (removal of state court action based on insurance policy was based on diversity jurisdiction).

of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

   1. **Application**

Plaintiff is attempting to recover under a medical liability insurance contract between the hospital and MLMIC, the hospital's medical liability insurance carrier. All of the causes of action listed – patient neglect/abuse; personal injury; and emotional distress – are state law tort claims. As stated above, there is no federal question jurisdiction. There is also no diversity jurisdiction because all parties are citizens of New York. Plaintiff has not alleged, and the court has not been able to determine, any other basis for federal jurisdiction.

## IV. Standing

### A. Legal Standards

Every federal case requires that the party bringing the suit have standing. *Clapper v. Amnesty Internat'l USA*, __ U.S. __, 133 S. Ct. 1138, 1146 (2013) (citations omitted). In order to establish that plaintiff has standing, she must show that she suffered personal injury or threat of injury; the injury may be fairly traced to the action challenged; and the injury is likely to be redressed by the requested relief. *See Fund for Animals v. Babbitt*, 89 F.3d 128, 134 (2d Cir. 1996). The court also notes that it is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654. An limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).

9

B.     **Application**

In addition to the lack of jurisdiction, this court will also discuss plaintiff's standing to bring this action. Plaintiff is attempting to assert injuries suffered by her mother at the hands of non-parties, for which she is attempting to obtain damages from the hospital's insurance company, after it refused to pay her claims. Plaintiff does not appear to be an attorney, thus, plaintiff may not represent her mother's interest. The court also notes that plaintiff's mother passed away prior to plaintiff filing this action, and plaintiff has not asserted that she is appearing for her mother's estate in which there are no other beneficiaries.[5] Plaintiff has asserted no injuries of her own.[6] Thus, plaintiff lacks standing to bring this action.

V.     **Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court

---

[5] Plaintiff has brought another action in this court. *Shaut v. Dep't of HHS*, No. 6:14-CV-910 (TJM/TWD). In 14-CV-910, plaintiff is also attempting to bring an action on her mother's behalf. Plaintiff is attempting to obtain the reimbursement of an assessed overpayment that her mother repaid prior to her death. Magistrate Judge Dancks reviewed plaintiff's complaint and ordered plaintiff to submit proof that she was entitled to represent her mother's estate under the *Guest v. Hanson* exception discussed above. (Dkt. No. 7 in 14-CV-910). However, plaintiff did not do so, and instead filed an amended complaint which stated that "plaintiff is one of the children of the deceased." (Dkt. No. 8 in 14-CV-910). The court allowed the amended complaint to go forward to the extent that plaintiff could proceed solely with respect to her own interest in the reimbursement. (Dkt. No. 9 at 4). Although the complaint was allowed to go forward, the defendant has now filed a motion to dismiss for, inter alia, lack of standing. While in 14-CV-910, there was an arguable basis for finding that plaintiff had some interest of her own in the reimbursement, in this case, there is no such possibility.

[6] Even if plaintiff were attempting to assert a wrongful death claim (which she is not), such claims are purely state law claims, which may be pursued only by a duly appointed representative of a decedent who is survived by distributees. *Langan v. St. Vincent's Hospital of NY*, 25 A.D.3d 90, 92 (2d Dep't 2005) (citing N.Y. Estates Powers & Trusts Law, § 5-4.1). *See Estate of Jaquez v. City of NY*, No. 10 Civ. 2881, 2015 WL 2165981, at *21 (S.D.N.Y. May 8, 2015) (discussing the elements of a wrongful death cause of action under New York law) (citations omitted). Plaintiff in this case would not be able to proceed in federal court or pro se even if she had such a claim against the hospital.

should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, there is no basis for federal court jurisdiction, and it appears that there is no amendment that plaintiff can make that would confer either federal question or diversity jurisdiction. Thus, this court will recommend dismissing the complaint with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 2, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge