UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNA M. SHAUT,

                        Plaintiff,

v.

                                                          6:15-CV-0641
                                                            (GTS/ATB)

MED. LIAB. MUT. INS. CO.;
TAMMY HINES, MLMIC Representative; and
RAYANNE CONSOL, MLMIC Representative,

                        Defendants.
_____

APPEARANCES:

ANNA M. SHAUT
  Plaintiff, *Pro Se*
13 Ferris Ave
Utica, New York 13501

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this civil rights action filed *pro se* by Ivan Ramos ("Plaintiff") against the above-captioned insurance company and employees ("Defendants"), are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with prejudice for failure to state a claim, lack of subject-matter jurisdiction and lack of standing, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 4, 6.) After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 4.) To those reasons, the Court adds two points.

First, in her Objections, Plaintiff attempts to challenge Magistrate Judge Baxter's lack-of-standing conclusion but does not address his alternative lack-of-diversity conclusion (for purposes of subject-matter jurisdiction) or his lack-of-state-action conclusion (for purposes of 42 U.S.C. 1983). As a result, the latter two conclusions warrant only a clear-error review, which they easily survive.[1] Moreover, Magistrate Judge Baxter's lack-of-standing conclusion survives a de novo review.

Second, attached to her Objections, Plaintiff submits an Amended Complaint. As an initial matter, Magistrate Judge Baxter recommended against providing Plaintiff leave to file an Amended Complaint before dismissal of her action, because the jurisdictional defect in her original Complaint cannot be cured. Magistrate Judge Baxter's finding was prescient. Plaintiff's Amended Complaint does not cure the jurisdictional defect (or any of the defects) in her original Complaint.

For all of these reasons, Plaintiff's action is dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's action is **DISMISSED** with prejudice.

Dated: July 20, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] When no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).